UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ISRAEL J. YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:16-cv-00155-TWP-MPB |
| ) | |
| CORIZON, INDIANA DEPARTMENT OF ) | |
| CORRECTIONS, GEO, ) | |
| INDIANA PAROLE BOARD, ) | |
| ) | |
| Defendants. ) | |

**Entry Directing Further Proceedings**

This matter is before the Court on several pending matters which will be addressed in turn. For the reasons explained below the prepayment of the filing fee is waived, the request for appointment of counsel is denied, the complaint is dismissed, but without prejudice, and the plaintiff will have the opportunity to file an amended complaint.

**I. Filing Fee**

The plaintiff's request to proceed *in forma pauperis* [2] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). Accordingly, a separate order pursuant to 28 U.S.C. § 1915(b) for the collection of the filing fee is being issued.

**II. Request for Counsel**

The plaintiff's motion to appoint counsel [dkt. 3] is **denied without prejudice.** The Clerk is directed to include a form motion for assistance recruiting counsel along with the plaintiff's

copy of this Entry. If the plaintiff files this form, the Court will reconsider the plaintiff's request.

### III. Dismissal of the Complaint

In this action, Israel Young, an inmate at New Castle Correctional Facility, sues Corizon, Indiana Department of Corrections, GEO and the Indiana Parole Board. He seeks 40 million dollars in damages. Although difficult to understand the alleged facts, it appears that the plaintiff was not incarcerated and undergoing medical treatment when he was sent back to prison for violating the conditions of his parole. He appears to allege that since his return to prison, the defendants have failed to treat his degenerative disk disease, herniated disk, spine injury, and bipolor disorder. Such allegations implicate the plaintiff's Eighth Amendment rights.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States

and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, the complaint is deficient because it does not name any "person" who is allegedly responsible for violating Mr. Young's Eighth Amendment rights. The claim for money damages against the Indiana Department of Corrections and Indiana Parole Board are dismissed because such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity.

Similarly, Corizon and GEO must be dismissed. The reason for this is that these defendants are private corporations and they are not vicariously liable under 42 U.S.C.§ 1983 for the alleged misdeeds of their employees. They are only liable if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009). There is no allegation that the harm suffered by Young was a result of Corizon or GEO's policies or practices.

### IV. Opportunity to File Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through February 23, 2016,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify

what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

Date: 2/4/2016

*(signature)*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ISRAEL J. YOUNG
210924
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362