UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ISRAEL J. YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16-cv-00155-TWP-MPB |
| | ) |
| CORIZON, INDIANA DEPARTMENT OF CORRECTIONS, GEO, INDIANA PAROLE BOARD, | ) ) ) |
| | ) |
| Defendants. | ) |

**Entry Dismissing Amended Complaint and Order to Show Cause**

In his Amended Complaint, Plaintiff Israel Young, an inmate at New Castle Correctional Facility, sues 15 individuals employed by Corizon, Indiana Department of Correction, GEO and the Indiana Parole Board (collectively the "Defendants".)  (Dkt. No. 7).  He seeks 40 million dollars in damages. Although difficult to understand, it appears that Young alleges that since his return to prison for violating the conditions of his parole, the Defendants have caused him significant injury and neglected to treat his chronic and substantial pain. His allegations are broad and lack specificity. Young states that the Defendants have allowed him to suffer with chronic and substantial pain, significant injury is being done to his health, and he has unnecessary pain which is causing him loss of function. He states that there are delays with his access to medical personnel and lack of follow up on his known mental health disorders. Attached to the complaint are exhibits which reflect that the Young has been receiving medical care and treatment for his pain.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the amended complaint (like the original) is subject to the screening requirement of 28 U.S.C. § 1915A(b).

Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The amended complaint is deficient for the same reason as the original complaint. That is, the complaint does not name any person who is allegedly responsible for violating the Young's Eighth Amendment rights along with factual allegations to support such a claim. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). For example, there is no plausible basis to conclude that the parole board members are responsible for the medical care that Young has received while at New Castle Correctional Facility. In addition, while Young does name medical professionals, there are no allegations which suggest that any individual provider is personally responsible for

the care the he has or has not received. It is not even clear what Young believes should have been done that was not done.

Under these circumstances, the amended complaint fails to survive the screening requirement of 28 U.S.C. § 1915A. Young shall have through August 4, 2016, in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 6/14/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ISRAEL J. YOUNG
210924
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362